IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES WILLIAM TAYLOR, )<br>a/k/a LUTFI SHAFQ TALAL, )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>FIRST MEDICAL MANAGEMENT, )<br>ET AL., )<br>)<br>Defendants. ) | CASE NO. 3:10-0451<br>JUDGE HAYNES/KNOWLES |

## REPORT AND RECOMMENDATION

This is a pro se, in forma pauperis action filed pursuant to 42 U.S.C. § 1983 by an inmate in the custody of the Tennessee Department of Correction. Docket No. 1. Plaintiff has sued approximately 18 Defendants, generally alleging that some Defendants intentionally interfered with Plaintiff's medical treatment following his back surgery and that other Defendants acted with deliberate indifference for failing to take appropriate actions against the former Defendants.

When Plaintiff filed his Complaint, he also filed an "Application to Proceed In Forma Pauperis and Affidavit of Poverty." Docket No. 2. That Motion was subsequently granted, and Plaintiff was allowed to proceed in forma pauperis. Docket No. 4. This action was thereafter referred to the undersigned, in part, "to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court." *Id.*

The statute that governs in forma pauperis proceedings, 28 U.S.C. § 1915, provides in relevant part as follows:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the fact that Plaintiff has filed three prior actions in this Court, while incarcerated, that were dismissed on grounds that they were frivolous or failed to state a claim upon which relief could be granted. Those cases are:

> 1. *Talal v. Meyers, et al.*, No. 1:00-0059 ( Plaintiff's claims against three Defendants were dismissed for failure to state a claim; claims of two others were dismissed for lack of service);
>
> 2. *Talal v. McVey*, et al., No. 1:96-00187 (Plaintiff's claims dismissed as frivolous);
>
> 3. *Stewart and Talal v. Pully, et al.,* No. 1:96-195 (Claims of Plaintiff Talal dismissed for failure to state a claim).

Copies of the relevant documents from these cases are attached as an Appendix hereto.

Additionally, Plaintiff was a party to another case in this Court, *Talal v. Little, et al.,* No. 3:03-0928. Plaintiff's claims in that case went to a jury, which found in favor of Defendants. Plaintiff requested a new trial, his request was denied, and he appealed that decision. The Sixth Circuit Court of Appeals determined that the District Court had not abused its discretion in denying the Motion for a new trial, stating in part that Plaintiff's claim "does not present a substantial question." *Talal v. White, et al.,* No. 09-5707, United States Court of Appeals for the Sixth Circuit, filed July 14, 2010.

The claims Plaintiff seeks to assert in the case at bar concern events that occurred in

2009, and there is no allegation that Plaintiff is (or was at the time the Complaint was filed) under imminent danger of serious physical injury.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITHOUT PREJUDICE, unless Plaintiff pays the full civil filing fee.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge