IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES WILLIAM TAYLOR )
a/k/a LUTFI SHAFQ TALAL, )
)
    Plaintiff, )
v. ) No. 3:10-00451
) Senior Judge Haynes
FIRST MEDICAL MANAGEMENT, et al., )
)
    Defendants. )

## MEMORANDUM

Plaintiff, James William Taylor, a/k/a Lufti Shafq Talal, filed this action under 42 U.S.C. § 1983 against several Defendants with Eighth Amendment claims for cruel and unusual punishment. In sum, Plaintiff alleges that some Defendants intentionally interfered with Plaintiff's medical treatment after his back surgery and that other Defendants acted with deliberate indifference for failing to take appropriate actions against the former Defendants.

In earlier proceedings, adopting the Report and Recommendation of Magistrate Judge Knowles, the Court dismissed Plaintiff's action for failure to pay the full civil filing fee. (Docket Entry No. 117). Magistrate Judge Knowles found that Plaintiff had filed three prior actions in this District in forma pauperis and that those actions were dismissed as frivolous for failing to state a claim. (Docket Entry No. 61). Plaintiff appealed and the Sixth Circuit reversed, citing ambiguities surrounding whether one of Plaintiff's cited actions was a settlement on the merits. In remanding, the Sixth Circuit held that this Court "must consider whether evidence of a settlement on the merits was presented. If the court finds that there was a settlement on the merits, then [Talal v. Myers, No. 1:00-0059] does not count as a strike. Myers, counts as a strike, on the other hand, if the court finds

that there was not a settlement on the merits." Taylor v. First Med. Mgmt., 508 F. Appx. 488, 498 (6th Cir. 2012).

After remand, Plaintiff filed a request to reopen the record (Docket Entry No. 136) to allow Plaintiff to present evidence that the settlement in Talal v. Myers, No. 1:00-cv-00059 (M.D. Tenn.) was on the merits. Defendants responded that the Court's earlier determination was correct, that Plaintiff lacks evidence of any settlement and that the request should be denied. (Docket Entry Nos. 134, 135 and 137). This Court granted Plaintiff's request and allowed sixty days for the Plaintiff to make discovery requests. (Docket Entry No. 139).

Before the Court are Plaintiff's applications for leave to proceed in forma pauperis. (Docket Entry Nos. 140 and 152). In his first application (Docket Entry No. 140), Plaintiff addresses the Sixth Circuit's mandate that Plaintiff must first show that Myers settled in part and second that the settlement was on the merits. Plaintiff asserts that the first requirement was resolved by this Court, citing the Court's April 15, 2014 Order (Docket Entry No. 139) that stated that "Plaintiff has presented evidence of a settlement." Id. at 2. As to whether Myers was settled on the merits, Plaintiff asserts that his burden is to show that, had Myers not been settled and voluntarily dismissed, it "would not have later been dismissed under § 1915(g)." (Docket Entry No. 140 at 2, quoting Taylor, 508 F. App'x at 497). Plaintiff states that discovery on this issue is unnecessary, as whether Myers settled "on the merits" is a legal question that can be determined by Plaintiff's earlier filings.

Plaintiff argues that the Myers Complaint states First Amendment retaliation claims upon which relief may be granted as the Myers action was previously found to meet the screening provisions of § 1915(g). Plaintiff also contends that if one claim asserted against the Myers defendants who settled is not frivolous or malicious and states a claim upon which relief may be

2

granted, the action is not a strike. Plaintiff asserts that the Myers complaint states First Amendment retaliation claims upon which relief may be granted, that is, "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two--that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

In response, the State asserts that "the District Court has determined that the plaintiff did present evidence of a settlement to the District Court when the complaint was filed, but not evidence of a settlement on the merits. This should end the inquiry." (Docket Entry No. 141 at 1). The State also asserts that Plaintiff's argument that the Myers claims were meritorious is untimely because Plaintiff should have raised it in his objection to the Report and Recommendation before this Court. Further, the State contends that Plaintiff did not have a meritorious claim against the defendants, Myers, Perry, Morris, and Devers, who settled in Myers, for the following reasons: (1) Plaintiff did not assert a retaliation claim against Myers nor did he allege any personal involvement by Myers to support a claim; (2) Plaintiff asserted claims against Perry for violations under the Eighth and Fourteenth Amendments, not for retaliation, and that the claim against Perry should also be dismissed because Judge Higgins adopted the Magistrate Judge's Report and Recommendation that dismissed the same claim against Robbins for failure to state a claim; and (3) Plaintiff did not allege that Devers and Morris issued the disciplinary report or placed Plaintiff into segregation and that Plaintiff's allegations that Morris and Devers conspired to retaliate against him are conclusory.

In reply, Plaintiff asserts that Plaintiff asserted in his 2010 pro se response to the Magistrate Judge's Report and Recommendation that Myers was settled and, therefore, not appropriately

3

categorized as "one of the three frivolous, malicious, or failure to state a claim cases cited by the magistrate judge as reasons for his request to dismiss this case . . . ." (Docket Entry No. 144 at 2, quoting Plaintiff's objection, Docket Entry No. 101 at 5).

The Court subsequently set this action for a status conference. (Docket Entry No. 145). At the status conference, the Court ordered that "Plaintiff shall have sixty (60) days to conduct discovery of the defendants in Talal v. Myers, No. 100-cv-00059 (M.D. Tenn.), to ascertain whether a settlement agreement was reached." (Docket Entry No. 146). After discovery, Plaintiff submitted a second application to proceed in forma pauperis. (Docket Entry No. 152). Plaintiff attached the settlement agreement, the disbursed checks, and other statements relating to the settlement in Myers. The agreement states that "Defendants have denied all liability therein in the case," and that the settlement agreement was entered into "in an effort to avoid costly, unnecessary litigation and to fully and forever compromise and resolve all outstanding issues of law and fact in regard to all claims made and that might have been made in the above-captioned suit." (Docket Entry No. 152-1 at 1). The agreement also states: "This Release is being given by the Plaintiff voluntarily, and is not based upon any representations of any kind made by the Defendants, Kevin Myers, Grady Perry, Jeff Morris and Daniel Devers, or their representatives as to the merits, legal liability or value of Plaintiff's claims, or any other matter relating to those claims." Id. at 3. Plaintiff contends that the attached documents establish that a settlement was reached in Myers, but do not resolve whether Myers was settled on the merits.

Plaintiff argues that the Myers Complaint states First Amendment retaliation claims upon which relief may be granted as the Myers action was previously found to meet the screening provisions of § 1915(g). See Docket Entry No. 152-6 at 2 ("The Court has reviewed the complaint

4

and finds that it contains claims which are not facially frivolous."). Plaintiff also argues that the Myers complaint set forth meritorious First Amendment retaliation claims.

In response (Docket Entry No. 153), the State contends that Plaintiff has failed to produce evidence that the settlement was reached on the merits. The State also renews its argument that the retaliation claims against the defendants who settled in Myers were not meritorious.

Plaintiff has provided evidence of the settlement in Myers, establishing that his claims were settled. Yet, a settlement is not proof of a party's liability. Federal Rule of Evidence 408. In fact, "the offer may be motivated by a desire for peace rather than from any concession of weakness of position." Fed. R. Evid. 408 (Advisory Committee Notes, 1972 Proposed Rules). Thus, evidence of a settlement alone does not establish that a settlement was on the merits.

The Myers complaint passing the original screening is not determinative of whether the original claims were meritorious. "Section 1915(g)'s language was clearly modeled after Rule 12(b)(6), and dismissals pursuant to that rule count as a strike." Coleman v. Tollefson, 733 F.3d 175, 177 (6th Cir. 2013), as amended on denial of reh'g and reh'g en banc (Jan. 17, 2014), aff'd, 135 S. Ct. 1759, 191 L. Ed. 2d 803 (2015) ("Coleman-Bey argues that the dismissal of this complaint does not count as a strike because it is not a dismissal for 'failure to state a claim' but rather an order granting summary judgment for absence of material issues of fact. The order of the district court, however, clearly enough indicates that the dismissal was made pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim."). In Myers, Plaintiff's claims against defendant Hardison passed the initial screening, yet Hardison was dismissed as a defendant based upon the granting of his motion to dismiss under Fed. R. Civ. P. 12(b)(6). In Taylor, the Sixth Circuit stated: "Myers was dismissed in its entirety, some claims were dismissed for § 1915(g) reasons, and Taylor never proved

5

the claims dismissed without prejudice had merit; therefore, were this Taylor's only argument, the action would count as a strike." Taylor, 508 F. App'x at 497. Thus, the fact that the Myers complaint passed the initial screening, in of itself, is not dispositive of whether Plaintiff's retaliation claims against Myers, Perry, Morris, and Devers were meritorious. Therefore, Plaintiff must show that the "settlement [with Myers, Perry, Morris, and Devers] occurred because the claim had merit." Id. at 497.

Plaintiff asserts that he adequately alleged all of the elements of a First Amendment claim against defendants Myers, Perry, Morris, and Devers, but only specifically addresses the First Amendment retaliation claim against Devers.

As an initial matter, in the Myers complaint, Plaintiff sued Myers, Perry, Morris, and Devers in their individual and official capacities. Plaintiff's claims against these Defendants in their official capacities are, in essence, against CCA, of which they are agents. Kentucky v. Graham, 473 U.S. 159, 166 (1985). "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). "[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Graham, 473 U.S. at 166.

Here, Plaintiff did not plead or make any showing that any of his claims were pursuant to a policy or regulation of CCA, and therefore Plaintiff's claim against these Defendants in their official capacities failed to state a claim. Swaner v. Tucker, No. 3:08-cv-0596, 2008 WL 2421168, at *1 (M.D. Tenn. June 13, 2008).

As to defendant Myers, Plaintiff only alleged that Myers "failed to train and supervise the defendants under his command to prevent that acts as complained of herein." (Docket Entry No.

152-7 at ¶ 26). For a § 1983 action against a supervisory official, a plaintiff must allege that the defendant was either directly or personally involved in the alleged unconstitutional activity. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). "What is required is a causal connection between the misconduct complained of and the official sued." Id. Liability under § 1983 must be based on more than *respondeat superior* or the right to control employees. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Gregory v. City of Louisville, 444 F.3d 725, 751 (6th Cir. 2006) ("Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence.").

Thus, "[f]or individual liability on a failure-to-train or supervise theory, the defendant supervisor must be found to have 'encouraged the specific incident of misconduct or in some other way directly participated in it.'" Essex v. Cty. of Livingston, 518 F. App'x 351, 355 (6th Cir. 2013) (quoting Phillips v. Roane Cnty., 534 F.3d 531, 543 (6th Cir.2008) (citation and internal quotation marks omitted)). At a minimum, a plaintiff must demonstrate that the defendant supervisor "'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" Shehee, 199 F.3d at 300 (citation omitted). "A mere failure to act will not suffice to establish supervisory liability. . . . There must be some conduct on the supervisor's part to which a plaintiff can point that is directly correlated with the plaintiff's injury." Essex, 518 F. App'x at 355 (citing Gregory, 444 F.3d at 751).

Plaintiff did not allege any actionable conduct by Myers. Therefore, the Court concludes this claim was not meritorious.

As to Perry, Defendants assert that Plaintiff did not assert a retaliation claim against Perry, but only asserted the same Eighth and Fourteenth Amendment claims as he did against Robbins that

7

were dismissed for failure to state a claim. Plaintiff alleged the following against Robbins and Perry: "[o]n 5-2-99, at approximately 5:00 p.m., defendants Robbins reviewed and approved the infraction report against the plaintiff and approved his being placed in segregation;" "[o]n 5-2-99, at approximately 8:00 p.m., defendant Perry also reviewed and approved the infracting against the plaintiff and his being placed in segregation;" "[d]ue to the Conspiracy acts of the defendants' the plaintiff was segregated 11 days on a falsified disciplinary report the act was approved by defendants' Robbins and Perry;" "Defendant Robbins and Perry violated the Eighth and Fourteenth Amendment rights of plaintiff by approving the infraction report and the resultant segregation when defendant's Robbins and Perry, knew, or should have known, that the infraction report had been fabricated." (Docket Entry No. 152-7 at ¶¶ 20, 21, 24, 30).

Plaintiff's only allegation against Robbins and Perry is that they approved the infraction report and Plaintiff's placement into segregation and that they "knew, or should have known, that the infraction report had been fabricated" in violation of the Eighth and Fourteenth Amendments. Yet, the Court adopted without objection the Magistrate Judge's Recommendation that the same claim against Robbins be dismissed for failure to state a claim. (Docket Entry No. 61-1, at 1, 8). The Magistrate Judge concluded that the allegations and claims against Robbins were essentially the same as those against Hardison and should be dismissed for the same reasons. Id. at 8. As to Hardison, Plaintiff alleged the following: that "[o]n 5-2-99, at approximately 1:05 p.m., defendant Hardison placed plaintiff in the punitive segregation of South Central Correction Center," and that "Defendant Hardison violated the Eighth and Fourteenth Amendment Rights of the plaintiff by approving the infraction report and the resultant segregation when defendant Hardison knew, or

should have known, that the infraction report had been fabricated." (Docket Entry No. 152-7 at ¶¶ 18, 28).

The Magistrate Judge concluded that Hardison failed to allege facts supporting a claim that he was subjected to cruel and unusual punishment under the Eighth Amendment, citing <u>Gibbs v. Hopkins</u>, 10 F.3d 373, 377 (6th Cir. 1993) and <u>Rhodes v. Chapman</u>, 452 U.S. 337 (1981), and that he failed to allege facts to support a claim under the Fourteenth Amendment, citing <u>Sandin v. Conner</u>, 515 U.S. 472, 485-86 (1995) and <u>Freeman v. Rideout</u>, 808 F.2d 949 (2nd Cir. 1986). (Docket Entry No. 61-1 at 7). The Magistrate Judge also concluded that "to the extent that the plaintiff's complaint could be liberally construed to implicate Hardison in the alleged conspiracy to retaliate against the plaintiff because of his First Amendment rights, there are no facts alleged in the complaint which would support such a claim" and that any such claim "is entirely conclusory and speculative," citing <u>Chapman v. City of Detroit</u>, 808 F.2d 459, 465 (6th Cir. 1986). <u>Id.</u> at 7-8.

Similarly, for the same reasons as stated above that were adopted by the Court, this Court concludes that Plaintiff's similar claims against Perry were not meritorious.

Finally, Plaintiff alleges the following against Devers and Morris: "[a]gain on 4-30-99, defendants' Deavers, Morris, and Prater all went to the plaintiffs cell and threatened to place him in the High Security Unit[.] At said time defendant Deavers told defendant Morris to lock the plaintiffs ass up because they did not have time for his shit;" "[o]n 4-30-99, defendants' Deavers, Morris, Prater and Thompson and Lockard did conspire to lock the plaintiff up in the High Security Unit on a trumped-up disciplinary infraction;" "[a]s stated herein above defendants' Deavers, Thompson, Morris and Prater and Lockard all conspired to lock the plaintiff up by charging him with a falsified disciplinary infraction;" and "Defendants' Deavers, Morris, Prater and Thompson violated the

9

plaintiffs First and Fourteenth Amendment Rights when they Conspired to place him in segregation on a falsified (trumpedup) disciplinary infraction in retaliation to the plaintiff seeking redress of grievance." (Docket Entry No. 152-7 at ¶¶ 15, 17, 23, 27).

"It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987); Begola v. Brown, 172 F.3d 4, No. 97-2194, 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998). Here, Plaintiff did not allege that Devers or Morris issued the disciplinary report or placed Plaintiff into segregation. Plaintiff alleged that "[o]n 5-22-99, at approximately 1:05 p.m., defendant Hardison placed plaintiff in the punitive segregation of South Central Correction Center," and that "[o]n 5-2-99, at approximately 4:00 p.m., defendant Lockard issued a disciplinary infraction report on the plaintiff accusing the plaintiff of the offense of Assault on Staff." (Docket Entry No. 152-7, at ¶¶ 18-19). Moreover, the Court adopted without objection the Magistrate Judge's Recommendation that the similar claim against Thompson be dismissed for failure to state a claim.[1] The Magistrate Judge concluded that there were not any factual allegations against Thompson "other than the allegation of a verbal threat" and that there were not any factual allegations "supporting the assertion that Thompson was involved in having the plaintiff placed in segregation or was involved in any type of conspiracy," and thus, Plaintiff's conspiracy claim against Thompson was "entirely conclusory and speculative." (Docket Entry No. 61-1 at 9).

---

[1] Plaintiff also alleged that "[o]n 4-30-99, plaintiff filed a grievance seeking cleaning supplies to clean his cell up. And in response to said grievance defendant Thompson told plaintiff that if he filed one more grievance that he (the defendant) had a special place for the plaintiff. (meaning the high security unit). (Docket Entry No. 152-7 at ¶ 16).

Plaintiff argues that in the prison context, one guard may act on behalf of his or her fellow officers in issuing a retaliatory disciplinary charge or taking other adverse action, citing Thomas v. Eby, 481 F.3d 434 (6th Cir. 2007) where the Sixth Circuit concluded that the plaintiff sufficiently pled a First Amendment retaliation claim. Yet, Plaintiff's reliance on Thomas is misplaced as plaintiff did not allege a conspiracy claim. In Thomas, defendant Eby allegedly threatened action against the plaintiff for his filing a grievance against another corrections officer, Grieke, and Eby subsequently filed a major misconduct report against the plaintiff. Id. at 436. The plaintiff later filed a retaliation claim against Eby, the person who filed the report, not Grieke. Here, neither Devers nor Morris issued the disciplinary report or placed Plaintiff into segregation.[2]

Thus, for the collective reasons stated above, the Court concludes that Plaintiff's conspiracy claim against Devers or Morris was conclusory and therefore not meritorious.

Accordingly, the Court concludes that although a settlement was reached in Myers, that settlement was not based on the merits of the underlying action, Myers is a strike against Plaintiff under the three-strikes rule, and therefore Plaintiff's applications to proceed in forma pauperis (Docket Entry Nos. 140 and 152) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 21st day of March, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

---

[2] Plaintiff's reliance on Pasley v. Conerly, 345 F. App'x 981, 985 (6th Cir. 2009) is equally misplaced. There, the plaintiff's retaliation claim was only filed against defendant Conerly, the one who took the retaliatory action.