## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES WILLIAM TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:10-cv-00451** |
| | ) | **Judge Trauger / Frensley** |
| **FIRST MEDICAL MANAGEMENT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION AND ORDER

### I.  Introduction and Background

This matter is before the Court upon two Motions to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6): the first, filed by Defendants Thorten, Rhodes, King, Johnson, Colson, Davis, Duffel, Hassan, Hodge, and Little (collectively referred to as the "TDOC Defendants") (Docket No. 180); and the second, filed by Defendants First Medical Management ("First Medical" or "FMM"), Salcedo, and McNeal (collectively referred to as the "Medical Defendants") (Docket No. 199).  Each Motion is accompanied by a supporting Memorandum of Law.  Docket Nos. 181, 199-1.

Plaintiff has filed a Response in opposition to each Motion.  Docket Nos. 192, 201.

Also pending before this Court are Plaintiff's "Motion to Re-Issue Summons," filed on February 2, 2017, which seeks to have summons' issued to  "f/n/u Jones, female," "f/n/u Jones, male," "Michael l/n/u," "f/n/u Buchanan," "Toni l/n/u," Paul Alexander, and Karen Baugh (Docket No. 190), and a "Motion to Strike Plaintiff's Supplemental Pleadings" (Docket No. 198) filed by the Medical Defendants, which seeks to strike two submissions filed by Plaintiff without

leave of Court: the first, entitled "Supplemental Pleadings: Damages and a Request for Relief" (Docket No. 193) filed by Plaintiff on February 17, 2017; and the second, entitled "Supplemental Pleadings: Statement of Claim, 42 U.S.C. § 1983, Claim of Serious Physical Injury, Eighth and Fourteenth Constitutional Amendment Violations" (Docket No. 194) filed by Plaintiff on February 27, 2017.  Plaintiff's Response to the Medical Defendants' Motion to Dismiss is also a Response in Opposition to the Medical Defendants' Motion to Strike.  Docket No. 201.

Plaintiff, an inmate in the custody of the Tennessee Department of Correction ("TDOC") who, at all times relevant to the instant action was housed at the Lois M. Deberry Special Needs Facility ("DSNF"), filed this pro se action pursuant to 42 U.S.C. §1983, alleging that Defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs.  Docket No. 1.  Plaintiff sues First Medical Management, "f/n/u Jones, female", "f/n/u Jones, male," Dennis Davis, Rueben Hodge, George Little, Alayna Duffel, Shereen Hassan, Ronald Colson, Mark King, "f/n/u McNeil,"[1] "f/n/u Salcedo," Betty Thorten, "Michael l/n/u," "f/n/u Buchanan," Debra Johnson, B.J. Rhodes, "Toni l/n/u," and Paul Alexander, in their official and individual capacities, seeking compensatory and punitive damages.  *Id.*[2]

## A.  TDOC Defendants' Motion to Dismiss

As grounds for their Motion to Dismiss, the TDOC Defendants argue that Plaintiff's claims against Defendants "King, Rhodes, Johnson, Colson, Davis, Duffel, Hassan, Hodge, and

---

[1] Although Plaintiff sues "f/n/u McNeil," Plaintiff is actually referring to Dr. Larry McNeal.

[2] "f/n/u Jones, female," "f/n/u Jones, male," "Michael l/n/u," "f/n/u Buchanan," "Toni l/n/u," and Paul Alexander have not been served.  On February 1, 2017, Plaintiff filed a Motion to Re-Issue Summons, seeking to have these individuals served, which is pending before the Court and which will be discussed herein.  Docket No. 190.

Little are based upon respondeat superior and grievance responses," neither of which is independently sufficient under §1983.  Docket Nos. 180, 181, *citing, e.g. Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. State of Tn.*, 697 F.2d 121, 128 (6th Cir. 1983); *Wilson v. Beebe*, 612 F.2d 275, 276 (6th Cir. 1980); *Monell v. Dept of Soc. Svcs.,* 436 U.S. 658, 694 (1978).  The TDOC Defendants maintain that because Plaintiff has failed to allege that any of them were personally involved in any alleged Eighth Amendment violations, he has failed to state a claim against them.  *Id.*  The TDOC Defendants further maintain that, to the extent that Plaintiff avers that they should be liable for not responding to his grievances regarding the acts of subordinates, those allegations would likewise fail to state a claim against them, as liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act."  *Id., citing Shehee*, 199 F.3d at 300.  They contend that allegations that a defendant mishandled a grievance or failed to investigate a complaint fails to state a claim, and they note that, "A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity."  *Id.*

As to Plaintiff's claims against TDOC Commissioner Little, the TDOC Defendants argue that Plaintiff cannot sustain those claims because Commissioner Little has Eleventh Amendment immunity from suit in his official capacity, and he was not served in his personal capacity.  *Id., citing, e.g., Alden v. Maine,* 527 U.S. 706 (1999); *Will v. Mich. Dept. Of St. Police,* 491 U.S. 58 (1989); *Quern v. Jordan,* 440 U.S. 332, (1979); *Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *ACLU v. Tn*, 496 F. Supp. 218 (M.D. Tenn. 1980).

Regarding Plaintiff's claims against Nurse Thorten, the TDOC Defendants maintain that

Plaintiff's allegations that Nurse Thorten advised him that his prescription for pain medication had run out but that an order from WalGreens drugstore was on its way to the prison fails to state a claim of deliberate indifference to serious medical needs since a short delay in the receipt of pain medication on two occasions is *de minimis* and fails to rise to the level of an Eighth Amendment medical indifference claim. *Id.*, *citing, e.g., Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Hudson v. McMillan,* 503 U.S. 1, 8-9 (1992); *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *Estelle v. Gamble,* 429 U.S. 97, 102-03 (1976); *Loukas v. Gundy*, 70 Fed. Appx. 245, 247 (6th Cir. 2003). Additionally, the TDOC Defendants note that Plaintiff alleged only that he experienced pain as a result of the delayed receipt of pain medication, not physical injury, and they argue that absent allegations of physical injury, Plaintiff's claim for damages is barred under the PLRA. *Id.* The TDOC Defendants further note that Plaintiff failed to submit the requisite verifying medical evidence into the record to establish a detrimental effect from the delay in receiving pain medication. *Id.* The TDOC Defendants argue that Plaintiff has therefore failed to state a deliberate indifference claim against Nurse Thorten. *Id.*

Plaintiff responds that "the proof will show that each defendant named in this action acted with deliberate indifference when denying and agreeing to deny plaintiff proscribed [*sic*] pain medication, antibiotic and physical therapy following his post lower back surgery and each defendant knowingly, intentionally and deliberately engaged in the unlawful act of mental and physical abuse with the intent to cause irreversible damage toward plaintiff's future health." Docket No. 192. Plaintiff argues that while he was at Centennial Medical Center after his back surgery, he was properly medicated and feeling good, but that his health deteriorated quickly upon his return to DSNF due to DSNF "denying him proscribed [*sic*] life supporting pain

4

medication and antibiotics which cause[d] plaintiff to blackout and fall to the floor injuring his surgical lower back area," resulting in him receiving "chronic care treatment for lower back pain complication[s]." *Id.*

Plaintiff reiterates the allegations he levied against Nurses Thorten and Rhodes in his Complaint, and argues that they "had a responsibility to protect the welfare and physical health of plaintiff following post lower back surgery [*sic*], yet as a nurse [they] refuse[d] to minister care toward plaintiff's serious medical indicated [*sic*] need while working under color of state law." *Id.* He argues that the "acts and actions" of Nurses Thorten and Rhodes set forth in his Complaint violated his Eighth Amendment rights. *Id.*

Regarding Health Administrator King, Plaintiff reiterates the allegations levied against him in his Complaint and argues that he "had a responsibility to protect the welfare and physical health of plaintiff following post lower back surgery [*sic*], yet as the *Health Care Administrator* he refuse[d] to instruction [*sic*] his nursing staff to minister care toward plaintiff's serious medical indicated [*sic*] need while working under color of state law." *Id.* (Emphasis original.) He argues that the "acts and actions" of Health Administrator King set forth in his Complaint violated his Eighth Amendment rights. *Id.*

As to Deputy Warden Johnson, Plaintiff reiterates his contentions against her and argues that, as the Deputy Warden, she "had a responsibility to protect the welfare and physical health of plaintiff following post lower back surgery, yet as the deputy warden she refuse[d] to take appropriate action to stop the physical and mental abuse and order that *First Medical Management Nursing Staff* to provided [*sic*] plaintiff with pain medication, antibiotics and physical therapy." *Id.* (Emphasis original.)  Plaintiff further asserts that Defendant Johnson

"neglect[ed] her duties to corrective physical and mental abuse supports" his claim that she intentionally interfered with his prescribed pain medication and physical therapy, causing him pain, suffering and mental anguish, in violation of his Eighth Amendment rights. *Id.*

With respect to his allegations against Warden Colson, Plaintiff argues that Warden Colson was "put on notice" because he filed "numerous emergency grievance[s] complaining about cruel and unusual punishment and denial of pain medication and antibiotics," but Warden Colson agreed with the supervisors' responses to Plaintiff's grievances and "refuse[d] to take appropriate action to stop the physical and mental abuse and order *First Medical Management Nursing Staff* to minister care toward [his] serious medical indicated [*sic*] need while working under color of state law." *Id.* (Emphasis original.) Plaintiff contends that the "acts and action[s] [of Warden Colson] show approval of physical and mental abuse," such that Warden Colson acted with deliberate indifference in violation of his Eighth Amendment rights. *Id.*

Regarding Plaintiff's claims against Grievance Board Chairman Davis, Grievance Board Member Duffel, and Grievance Board Member Hassan, Plaintiff reiterates his contentions against them and argues that they were "put on notice" because he filed "numerous emergency grievance[s] complaining about cruel and unusual punishment and denial of pain medication and antibiotics," but despite their "responsibility to protect the welfare and physical health of plaintiff following" his back surgery, they "refuse[d] to take appropriate action to stop the physical and mental abuse and order *First Medical Management Nursing Staff* to minister care toward [his] serious medical indicated [*sic*] need while working under color of state law." *Id.* (Emphasis original.) Plaintiff contends that their "acts and action[s] show approval of physical and mental abuse," such that they acted with deliberate indifference in violation of his Eighth Amendment

rights. *Id.*

With regard to his claims against Assistant TDOC Commissioner of Operations Hodge and TDOC Commissioner Little, Plaintiff reiterates the allegations of his Complaint against them and argues that they were "put on notice" because he filed "numerous emergency grievance[s] complaining about cruel and unusual punishment and denial of pain medication and antibiotics," but despite their "responsibility to protect the welfare and physical health of plaintiff following" his back surgery, they "refuse[d] to take appropriate action to stop the physical and mental abuse and order *First Medical Management Nursing Staff* to minister care toward [his] serious medical indicated [*sic*] need while working under color of state law." *Id.* (Emphasis original.) Plaintiff contends that their "acts and action[s] show approval of physical and mental abuse," such that they acted with deliberate indifference in violation of his Eighth Amendment rights. *Id.*

Plaintiff summarizes that the proof shows that DSNF medical staff "knowingly[,] deliberately and intentionally denied plaintiff proscribed [*sic*] pain medication, antibiotics and physical therapy for approximately 94 hours straight and a grand total of approximate [*sic*] 286 hours missed in the span of three weeks following plaintiff's post lower back surgery." *Id.* He avers that the "health care provided to him following his lower back surgery by *First Medical Management, Lois M. Deberry Special Needs Facility* was reckless[,] dangerous and below the standard of negligence." *Id.* (Emphasis original.) Plaintiff maintains, "Surely the intent on behalf [*sic*] of First Medical Management Nursing Staff, and Tennessee Department of Correction Correctional Officials at the Lois M. Deberry Special Needs Facility, Nashville Tennessee were to set up surgical infection or worst [*sic*] that [*sic*] that cause death, as plaintiff surely felt that he were going to die." *Id.*

7

For the reasons to be discussed below, the undersigned recommends that the TDOC Defendants' Motion to Dismiss (Docket No. 180) be GRANTED.

**B.  Medical Defendants' Motion to Dismiss**

As grounds for their Motion to Dismiss, the Medical Defendants argue that Plaintiff's claims against them are conclusory and fail to state a claim against them for deliberate indifference or a violation of the Eighth Amendment under 42 U.S.C. § 1983.  Docket Nos. 199, 199-1.  Specifically, the Medical Defendants contend that, although Plaintiff alleges that certain nurses deprived him of pain medication, he does not allege any facts that implicate the director of FMM, Dr. Salcedo or Dr. McNeal; rather, "each and every allegation against these Defendants is a conclusory assertion that they intentionally deprived him of his pain medication or acted with deliberate indifference.  There are no factual allegations that describe the specific conduct of any of these Defendants with any degree of particularity that could support a claim for relief under §1983."  *Id.*  The Medical Defendants note that the allegations against them "are essentially identical to those allegations against their co-defendants in each respective section of the Complaint."  *Id.*  The Medical Defendants maintain that, although Plaintiff describes the alleged actions of some Defendants, he does not describe how Defendants FMM, Salcedo, or McNeal "acted with deliberate indifference," "intentionally interfered with plaintiff's pain medication," or failed to "take appropriate action" against other Defendants.  *Id.*  The Medical Defendants argue: "These three allegations are repeated throughout the Complaint, but there are no supporting factual assertions that would entitle the Plaintiff to relief."  *Id.*  The Medical Defendants reiterate their assertion that the entirety of Plaintiff's allegations against them are conclusory and "rely on this Court to make unwarranted factual inferences to fill in the gaps left by the Plaintiff's

8

Complaint," such that they fail to state a claim for relief under 42 U.S.C. § 1983. *Id.* With regard to Plaintiff's claims against them for their "failure to act," the Medical Defendants argue that these claims likewise fail to state a claim against them because respondeat superior does not provide a basis for the imposition of liability under § 1983. *Id.*

The Medical Defendants further argue that taking Plaintiff's allegations as true that they intentionally interfered with his receiving pain medication or failed to take "appropriate actions" against subordinates who engaged in this same conduct, these allegations are insufficient to state a claim upon which relief can be granted under any Amendment to the Constitution, and they incorporate by reference the TDOC Defendant's arguments and citations in support thereof. *Id.* They additionally note that deliberate indifference may be found on the part of a physician "where there is evidence tending to establish that the physician is present while the inmate is in distress, that distress is communicated to the physician, and the physician purposefully ignores the distress knowing that an adverse outcome is likely to occur" (*id., quoting Jones v. Muskegon County*, 625 F.3d 935, 944-45 (6th Cir. 2010)), and they argue that Plaintiff's Complaint contains no such allegations against Drs. Salcedo or McNeal (*id.*).

As to Plaintiff's official capacity claims against them, the Medical Defendants incorporate by reference the TDOC Defendants' arguments that an action brought under § 1983 for monetary damages against a state official or state employee in their official capacity is barred by the Eleventh Amendment. *Id., citing Will v. Mich. Dept. Of State Police*, 491 U.S. 58, 109 (1989) and incorporating the citations contained in the TDOC Defendants' Motion. The Medical Defendants also note that, to the extent they may be deemed private actors or independent contractors with the State, Plaintiff's claims would also fail because "claims against private

contractor 'state actors' in an official capacity proceed in the same manner as claims against government entities in an official capacity."  *Id., citing St. v. Corr. Corp. Of Am.*, 102 F.3d 810, 817 (6th Cir. 1996).  They note that an entity is not liable for its employees' actions under respondeat superior, but rather, liability can arise under § 1983 only if the entity's official policy, practice, or custom caused the alleged deprivation of federal rights.  *Id., citing id; Hocker v. Pikeville City Police Dept.*, 738 F.3d 150, 158 (6th Cir. 2013).  The Medical Defendants argue that Plaintiff has failed to allege that they acted pursuant to an official policy, practice, or custom, and therefore cannot sustain his official capacity claims against them.  *Id.*

Plaintiff responds that the filing of his "multiple emergency grievances" put the Medical Defendants on notice that he was not receiving pain medication and was therefore "denied medical care and suffering in pain and mental anguish."  Docket No. 201.  Plaintiff reiterates his contentions that they "knowingly[,] deliberately and intentionally denied plaintiff proscribed [*sic*] pain medication, antibiotics and physical therapy for approximately 94 hours straight and a grand total of approximate[ly] 286 hours missed in the span of three weeks following" his back surgery, and that the health care he received at DSNF was "reckless[,] dangerous and below the standard of negligence."  *Id.* Plaintiff again asserts, "sure[ly] the intent on behalf of Defendants . . . were to set up surgical infection or worst [*sic*] than that cause death, as plaintiff surely felt that he were going to die."  *Id.* Plaintiff contends, "such negligence on behalf of Defendants . . . left plaintiff to depend on a **Prosthetic Medical Device / Walking Cane**."  *Id.* (Emphasis original.)

For the reasons set forth below, the undersigned recommends that the Medical Defendants' Motion to Dismiss (Docket No. 199) be GRANTED.

## C.  Plaintiff's Motion to Re-Issue Summons

As noted above, also pending before this Court is Plaintiff's "Motion to Re-Issue Summons," filed on February 2, 2017, which seeks to have summons' issued to  "f/n/u Jones, female," "f/n/u Jones, male," "Michael l/n/u," "f/n/u Buchanan," "Toni l/n/u," Paul Alexander, and Karen Baugh. Docket No. 190.  In that Motion, Plaintiff states, "On January 20, 2017 United States District Court Middle District of Tennessee Nashville Division Judge Trauger / Frensley Granted plaintiff permission of leave of court to identify and refile civil summons on the above named defendants.  Plaintiff hereby request[s] that the attach[ed] civil Summons concerning Case No. 3:10-cv-00451 be served upon the above mention[ed] defendants.  Plaintiff aver[s] that each defendant named herein and therein are to be named in his or her official and individual capacity."  *Id.*

For the reasons discussed herein, the undersigned finds that serving the requested people would be FUTILE, as the allegations of Plaintiff's Complaint fail to state a claim against them. Accordingly Plaintiff's Motion to Re-Issue Summons (Docket No. 190) will be DENIED.

## D.  Medical Defendants' Motion to Strike Plaintiff's Supplemental Pleadings

As noted, also before the Court is a Motion to Strike Plaintiff's Supplemental Pleadings filed by the Medical Defendants pursuant to Fed. R. Civ. P. 12(f).  Docket No. 198. The Medical Defendants' Motion seeks to strike two submissions filed by Plaintiff without leave of Court: the first, entitled "Supplemental Pleadings: Damages and a Request for Relief" (Docket No. 193) filed by Plaintiff on February 17, 2017; and the second, entitled "Supplemental Pleadings: Statement of Claim, 42 U.S.C. § 1983, Claim of Serious Physical Injury, Eighth and Fourteenth Constitutional Amendment Violations" (Docket No. 194) filed by Plaintiff on

February 27, 2017.  Plaintiff's submissions essentially reiterate the allegations of his Complaint, but increase the amount of compensatory and punitive damages he seeks, asserts that he injured his lower back when he had a fever and fell to the floor, and asserts that he was prescribed a walking cane on April 19, 2010 due to the deprivation of his pain medication.  *Id., referencing* Docket No. 193, 194.  The Medical Defendants argue that both Plaintiff's February 17 and February 27 supplemental pleadings should be stricken because Plaintiff did not move the Court for permission to supplement the pleadings, and because under Fed. R. Civ. P. 15, there is no factual basis to permit Plaintiff to supplement the pleadings.  *Id.* They note that Fed. R. Civ. P. 15 permits a supplemental pleading "on motion and reasonable notice" with permission from the Court, and further note that the "purpose of a supplemental pleading is to set forth new facts that have occurred since the filing of the original pleading and that affect the controversy and the relief sought."  *Id.*  They assert that Plaintiff has satisfied none of the stated criteria or purposes, such that his supplemental pleadings should be stricken.  *Id.*

The Medical Defendants argue that, should the Court treat Plaintiff's supplemental pleadings as "amended" pleadings, they should nevertheless be stricken because Plaintiff has not secured either the consent of Defendants or the permission of the Court required to amend his Complaint under Fed. R. Civ. P. 15(a).  *Id.*

Plaintiff's Response to the Medical Defendants' Motion to Dismiss is also a  Response in Opposition to the Medical Defendants' Motion to Strike.  Docket No. 201.  As pertains to his Response in Opposition to the Motion to Strike, Plaintiff argues that the Court "should freely give leave when justice so requires," and he argues that "do [*sic*] to his illiteracy over-sighting he fail [*sic*] to title his pleadings under *Federal Rules of Civil Procedureal* [*sic*] *15(c)(1)(A)(B)(C)*

*Relation Back of Amendments and (d) Supplemental Pleadings.*" *Id.* (Emphasis original.)

Plaintiff notes that the Court "may permit supplementation even though the original pleading is

defective in stating a claim or defense. . . ." *Id., citing* Fed. R. Civ. P. 15(d). Plaintiff asks this

Court to do so, and to deny the Motion to Strike. *Id.*

For the reasons set forth below, the Medical Defendants' Motion to Strike Plaintiff's

Supplemental Pleadings (Docket No. 198) will be GRANTED, and Plaintiff's supplemental

pleadings (Docket Nos. 193, 194) will be STRICKEN.

For the reasons discussed, *infra*, the undersigned ultimately recommends that this action

be DISMISSED WITH PREJUDICE.

## II. Factual Allegations of Plaintiff's Complaint

### A. Plaintiff's Factual Allegations Against the Defendants Who Have Been Served

Plaintiff's allegations against the instant Defendants, in their entirety, are as follows:

When Plaintiff requested pain medication from Nurse Betty Thorten on September 14 and

16, 2009, Nurse Thorten advised him that his prescription for pain medication had "ran out but

an ordered [*sic*] was on the way from Wal*Green, to the prison," but approximately one hour

later, as a result of not getting the requested pain medicine and antibiotics, Plaintiff "broke out in

balls of cold sweat and fall [*sic*] to the floor." Docket No. 1. Plaintiff avers that Nurse Thorten,

Dr. Salcedo, and Dr. McNeil "acted with deliberate indifference when [they] fail[ed] to provide

plaintiff with pain medication and antibiotics and intentionally interfered with plaintiff's pain

medication once proscribed [*sic*], causing plaintiff pain, suffering, and mental anguish." *Id.*

Plaintiff levies the same averment against FMM and also contends that FMM "acted with

deliberate indifference when he or she failing [*sic*] to take appropriate actions against Betty

13

Thorten, (LPN II), et al., for denying plaintiff pain medication and antibiotics." *Id.*

Health Administrator Mark King "acted with deliberate indifference when deeming plaintiff's grievance non emergency and failing to take appropriate actions against Betty Thorten (LPN II) et al." *Id.* TDOC Commissioner Little, Assistant TDOC Commissioner of Operations Hodge, Grievance Board Chairperson Davis, Grievance Board Member Duffel, and Grievance Board Member Hassan acted with deliberate indifference when they failed to "take appropriate actions against" the FMM Nursing Staff (including Nurse Thorten) for "denying plaintiff pain medication and antibiotics and intentionally interfering with plaintiff's pain medication once proscribed [*sic*] causing plaintiff pain, suffering and mental anguish." *Id.*

On September 18, 2009, Nurse Thorten advised Plaintiff that because he had a fever of 101 and unusual swelling and redness around his surgical incision, he would be taken to Centennial Medical Center Emergency Room to ensure that his incision had not become infected. *Id.* Plaintiff was examined by the Emergency Room physician, but Plaintiff avers that the swelling and redness around the incision was caused by FMM Nursing Staff's "failure to provide plaintiff with physical therapy, pain medication and antibiotics once proscribed [*sic*] which cause[d] plaintiff pain, suffering and mental anguish." *Id.* Plaintiff asserts that he was "forced to go without any pain medication for over 84 hours straight and a grand total of 216 hours missed without any pain medication." *Id.*

On September 21, 2009, Plaintiff "filed another emergency grievance complaining about cruel and unusual punishment and denial of pain medication," but Nurse Rhodes "deemed the grievance non emergency and did not provide plaintiff with any pain medication to relieve plaintiff's pain, suffering and mental anguish." *Id.* Plaintiff avers that, in so doing, Nurse

Rhodes acted with deliberate indifference. *Id.* Plaintiff also avers that FMM, Dr. McNeal, Dr. Salcedo, Health Administrator King, Grievance Board Chairperson Davis, Grievance Board Member Duffel, Grievance Board Member Hassan, Warden Colson, Deputy Warden Johnson, TDOC Commissioner Little, and Assistant TDOC Commissioner of Operations Hodge acted with deliberate indifference when they "failed to take appropriate actions" against Nurse Rhodes "for denying plaintiff pain medication and intentionally interfering with plaintiff's pain medication once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish." *Id.*

On October 26, 2009, Plaintiff "filed another emergency grievance complaining about denial on [*sic*] pain medication," but Nurse Rhodes "deemed the grievance non-emergency" and did not "provide plaintiff with pain medication and intentionally interfered with plaintiff's medication once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish." *Id.* Plaintiff avers that, in so doing, Nurse Rhodes acted with deliberate indifference. *Id.* Plaintiff further asserts that Dr. Salcedo and Dr. McNeal "acted with deliberate indifference when [they] fail[ed] to provide plaintiff with pain medication and intentionally interfered with plaintiff's pain medication once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish." *Id.*

Plaintiff also avers that FMM, Health Administrator King, Grievance Board Chairperson Davis, Grievance Board Member Duffel, Grievance Board Member Hassan, Warden Colson, TDOC Commissioner Little, and Assistant TDOC Commissioner of Operations Hodge acted with deliberate indifference when they "failed to take appropriate actions" against Nurse Rhodes "for denying plaintiff pain medication and intentionally interfering with plaintiff's pain medication once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish." *Id.*

**B. Plaintiff's Factual Allegations Against the Defendants Who Have Not Been Served**

Plaintiff avers that he was discharged from Centennial Medical Center at 8:16 a.m. on September 11, 2009, but that "Co. Jones, and Co. Jones," the two Correctional Officers who had been assigned to "watch over" him, decided "after a brief conversation" to "intentionally interfere with the treatment prescribed to plaintiff by not call [*sic*] their captain at the Lois M. Deberry Special Needs Facility to report that Centennial Medical Center had discharged plaintiff at 8:16 a.m." Docket No. 1. Plaintiff asserts that, during "their conversation they decided they would make the discharge call in at 12:30 noon," and that he was "force[d] to set [*sic*] at Centennial Medical Center under pain suffering and mental anguish for hours while these two officers slept through a days work and disregarded the fact that plaintiff was suffering from mental anguish and like [*sic*] of pain medication." *Id.* Plaintiff contends that he did not receive pain medication until approximately 4:45 p.m., after he had returned to DSNF. *Id.*

On September 15, 2009, Plaintiff filed "an emergency grievance requesting pain medication," but "Michael l/n/u" deemed the grievance non-emergency, denied him pain medication, and "intentionally interfer[ed] with plaintiff's medication once proscribed [*sic*], causing plaintiff pain, suffering, and mental anguish." *Id.* Plaintiff avers that, in so doing, "Michael l/n/u" acted with deliberate indifference. *Id.*

On September 21, 2009, Plaintiff filed "an emergency grievance requesting pain medication," but "Toni l/n/u" deemed the grievance non-emergency, advised Plaintiff that he did not have any pain medication, and did not provide him with any pain medication. *Id.* Plaintiff avers that "Toni l/n/u" acted with deliberate indifference when she denied him pain medication and "intentionally interfered with plaintiff's medication once proscribed [*sic*], causing plaintiff

pain, suffering, and mental anguish." *Id.*

Plaintiff avers that "f/n/u Buchanan" acted with deliberate indifference when she denied him pain medication, "intentionally interfering with plaintiff's pain medication once proscribed [*sic*] causing plaintiff pain, suffering and mental anguish. *Id.*

On September 22, 2009, Plaintiff filed "another emergency grievance complaining about acts of cruelty and the facts of 'First Medical Management Nursing Staff' at Lois M. Deberry, Special Needs Facility denying plaintiff's pain medication once proscribed [*sic*]," but "Michael l/n/u" deemed the grievance non-emergency." *Id.* Plaintiff avers that, in so doing, "Michael l/n/u" acted with deliberate indifference. *Id.*

On September 23, 2009, Plaintiff filed "another emergency grievance complaining about the facts of cruel and usual punishment and denial of physical therapy." *Id.* Paul Alexander deemed the grievance "non-emergency." *Id.* In deeming the grievance "non-emergency and intentionally interfer[ing] with plaintiff's medical therapy once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish," Plaintiff asserts that Mr. Alexander acted with deliberate indifference.

On September 24, 2009, Plaintiff filed "another emergency grievance complaining about acts of cruelty and the facts of 'First Medical Management Nursing Staff' at Lois M. Deberry, Special Needs Facility denying plaintiff's pain medication once proscribed [*sic*]." *Id.* Plaintiff avers that Health Adminstrator King and "Michael l/n/u" reviewed the grievance, and "'Michael l/n/u' deemed the grievance non-emergency." *Id.* Plaintiff avers that, in so doing, and in "denying plaintiff paid medication and intentionally interfering with plaintiff's pain medication once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish," "Michael l/n/u" acted

with deliberate indifference. *Id.*

## C.  Plaintiff's Allegations Against the Defendants Who Have Been Served Regarding the Actions of Defendants Who Have Not Been Served

Plaintiff avers that Grievance Board Chairperson Davis, Grievance Board Member Duffel, Grievance Board Member Hassan, Warden Colson, TDOC Commissioner Little, and Assistant TDOC Commissioner of Operations Hodge acted with deliberate indifference when they "failed to take appropriate actions" against Corrections Officers Jones and Jones, who have not yet been served, "for their acts of cruelty and intentionally interfering with plaintiff's medical treatment once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish." *Id.*

Plaintiff further avers that Drs. Salcedo and McNeal "acted with deliberate indifference" when they "fail[ed] to provide plaintiff with pain medication" and thrice "fail[ed] to take appropriate against Michael l/n/u [who has not been served], for denying plaintiff pain medication and intentionally interfering with plaintiff's pain medication once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish." *Id.*  Plaintiff avers that FMM, Health Administrator King, Grievance Board Chairperson Davis, Grievance Board Member Duffel, Grievance Board Member Hassan, Warden Colson, TDOC Commissioner Little, and Assistant TDOC Commissioner of Operations Hodge acted with deliberate indifference when they thrice "fail[ed] to take appropriate actions" against "Michael l/n/u" "for denying plaintiff pain medication and intentionally interfering with plaintiff's pain medication once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish." *Id.*

Plaintiff also avers that Drs. Salcedo and McNeal "acted with deliberate indifference when [they] fail[ed] to take appropriate actions against f/n/u Buchanan [who has not been served]

for denying plaintiff pain medication and intentionally interfering with plaintiff's pain medication once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish." *Id.* Plaintiff avers that FMM, Health Administrator King, Grievance Board Chairperson Davis, Grievance Board Member Duffel, Grievance Board Member Hassan, Warden Colson, TDOC Commissioner Little, and Assistant TDOC Commissioner of Operations Hodge acted with deliberate indifference when they "fail[ed] to take appropriate actions" against "f/n/u Buchanan" "for denying plaintiff pain medication and intentionally interfering with plaintiff's pain medication once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish." *Id.*

Plaintiff additionally avers that Drs. Salcedo and McNeal "acted with deliberate indifference when [they] fail[ed] to take appropriate actions against Paul C. Alexander [who has not been served] for denying plaintiff medical therapy and intentionally interfering with plaintiff's medical therapy once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish." *Id.* Plaintiff avers that FMM, Health Administrator King, Grievance Board Chairperson Davis, Grievance Board Member Duffel, Grievance Board Member Hassan, Warden Colson, TDOC Commissioner Little, and Assistant TDOC Commissioner of Operations Hodge acted with deliberate indifference when they "fail[ed] to take appropriate actions" against Mr. Alexander "for denying plaintiff medical therapy and intentionally interfering with plaintiff's medical therapy once proscribed [*sic*], causing plaintiff pain, suffering and mental anguish." *Id.*

### III.  Law and Analysis

### A.  Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be

granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

## B.  42 U.S.C. § 1983

### 1.  Generally

Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978).  The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326 (1941).

### 2.  Eighth Amendment

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel

and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

### 3.  Official Capacity Claims

In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000), *citing Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988).  As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*.

### 4.  Individual Capacity Claims

42 U.S.C. § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

In order for a defendant to be held liable in his individual capacity, a plaintiff must demonstrate that that defendant personally condoned, encouraged, or participated in the conduct

that allegedly violated his rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations

omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984), *citing Hays v.

Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least

implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory

allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257;

*Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S.

871, 888 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990).

Plaintiff must establish a "causal connection between the misconduct complained of and the

official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

## C.  Fed R. Civ. P. 15

Fed. R. Civ. P. 15 provides as follows:

> **(a) Amendments Before Trial.**
>
> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
>> **(A)** 21 days after serving it, or
>>
>> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> **(3)** *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

**(b) Amendments During and After Trial.**

**(1)** *Based on an Objection at Trial.* If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

**(2)** *For Issues Tried by Consent.* When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

**(c) Relation Back of Amendments.**

**(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

> **(A)** the law that provides the applicable statute of limitations allows relation back;

> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

**(2) *Notice to the United States.*** When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

**(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

## D.  The Case at Bar

### 1.  Defendants' Motions to Dismiss

As an initial matter, the factual allegations made by Plaintiff in his Complaint are conclusory. Other than his allegations that Nurse Thorten twice shortly delayed the receipt of his pain medication (when his prescription had run out and more medication from Walgreens was on its way to DSNF), Plaintiff's allegations are that certain Defendants deemed his grievances as "non-emergency," while other supervisory Defendants failed to respond to his grievances regarding acts of their subordinates and failed to "take appropriate action" against, or instruct, their subordinates to give him the medical treatment he seeks. *See* Docket No. 1. The conclusory averments made by Plaintiff, summarized here and fully recounted in Section II above, fail to sufficiently allege conduct by either the TDOC or the Medical Defendants, in their individual or official capacities, that would rise to the level of a constitutional violation for, *inter alia*, the reasons set forth below.

First, a short delay in the receipt of pain medication on two occasions fails to rise to the level of an Eighth Amendment medical indifference claim. *See, e.g., Farmer,* 511 U.S. at 834; *Estelle*, 429 U.S. at 102-03; *Loukas*, 70 Fed. Appx. at 247. Second, Plaintiff does not have a constitutional right to have grievances characterized as he wishes, nor does he have a constitutional right to have his grievances responded to in the way he wishes. *See, e.g., Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002). Third, respondeat superior is not a basis for the imposition of liability under § 1983, and Plaintiff has failed to allege sufficient personal involvement by Defendants in the conduct which he avers violated his rights. *See, e.g., Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Polk County*, 454 U.S. at 325; *Monell*, 436 U.S. at 690-91; *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005); *Street,* 103 F.3d at 818. Fourth, liability under §1983 must be based on active unconstitutional behavior and cannot be based on a mere failure to act. *See Shehee*, 199. F.3d at 300. Fifth, Plaintiff has not levied specific allegations against the Medical Defendants showing that either the FMM director or Drs. Salcedo or McNeal were present when he was in distress, knew of his distress, or "purposefully ignore[d] the distress knowing that an adverse outcome is likely to occur." *Jones*, 625 F.3d at 944-45. Finally, Plaintiff has not alleged that any official policy, practice, or custom caused him constitutional injury. *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 387-88 (1989); *Monell*, 436 U.S. at 690-91; *Claybrook*, 199 F.3d at 355; *Frost*, 851 F.2d at 827.

For the reasons discussed, Plaintiff has failed to establish that his constitutional rights were violated. Absent conduct that violates Plaintiff's constitutional rights, Plaintiff cannot

sustain an §1983 action. Accordingly, Defendants' Motions to Dismiss (Docket Nos. 180, 199) should be GRANTED.

### 2. Plaintiff's Motion to Re-Issue Summons

On February 2, 2017, with Leave of Court (Docket No. 184), Plaintiff filed the instant "Motion to Re-Issue Summons," which seeks to have summons' issued to "f/n/u Jones, female," "f/n/u Jones, male," "Michael l/n/u," "f/n/u Buchanan," "Toni l/n/u," Paul Alexander, and Karen Baugh (Docket No. 190). Although these people have not yet been served, Plaintiff's Complaint contains his allegations against them, and these allegations have been set forth in their entirety in Section II(B), *supra*. Taking Plaintiff's allegations against them as true, for the reasons discussed relating to the served Defendants in Section III(D)(1), above, Plaintiff's allegations against the unserved Defendants fail to state a claim against any of them for which relief can be granted. Accordingly, it would be futile to serve the requested parties. Plaintiff's "Motion to Re-Issue Summons" (Docket No. 190)is therefore DENIED. It is so ORDERED.

### 3. The Medical Defendants' Motion to Strike Plaintiff's Supplemental Pleadings

Turning to the Medical Defendant's Motion to Strike Plaintiff's Supplemental Pleadings (Docket No. 198), Plaintiff's submissions essentially reiterate the allegations of his Complaint, but increase the amount of compensatory and punitive damages he seeks, asserts that he injured his lower back when he had a fever and fell to the floor while waiting for his pain medication, and asserts that he was prescribed a walking cane on April 19, 2010 due to the deprivation of his pain medication (*see* Docket Nos. 193, 194).

As an initial matter, Plaintiff did not move the Court for permission to either supplement or amend his pleadings, and the time has long since passed permitting him to amend or

supplement as a matter of course.  *See* Fed. R. Civ. P. 15; *Compare* Docket Nos. 1, 193, 194.

Moreover, Plaintiff neither sought nor received Defendants' written consent to supplement or

amend his pleadings.  Additionally, other than noting that he was prescribed a walking cane on

April 19, 2010, Plaintiff's submissions failed to set forth new facts that have occurred since the

filing of his initial pleading.

While the Court should "freely give leave when justice so requires," justice does not so

require in this instance, as the allegations in Plaintiff's supplemental pleadings do not alter those

in his original pleadings, and they fail to state a claim upon which relief may be granted.

Accordingly, the Medical Defendants' Motion to Strike Plaintiff's Supplemental Pleadings

(Docket No. 198) is GRANTED, and Plaintiff's supplemental pleadings (Docket Nos. 193, 194)

will be STRICKEN.  It is so ORDERED.

## IV.  Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motions to

Dismiss (Docket Nos. 180, 199) be GRANTED.  Additionally, Plaintiff's Motion to Re-Issue

Summons (Docket No. 190) is hereby DENIED, and the Medical Defendants' Motion to Strike

Plaintiff's Supplemental Pleadings (Docket No. 198) is hereby GRANTED.  The undersigned

therefore recommends that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to

this Recommendation with the District Court.  Any party opposing said objections shall have

fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections.  Failure to file specific objections within fourteen (14) days of

service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


_____
JEFFERY S. FRENSLEY
United States Magistrate Judge