**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JAMES WILLIAM TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:10-cv-00451** |
| | ) | **Judge Aleta A. Trauger** |
| **FIRST MEDICAL MANAGEMENT** | ) | |
| *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Before the court is the plaintiff's Objection (Doc. No. 207) to the magistrate judge's

Report and Recommendation ("R&R") and Order (Doc. No. 202), recommending that two

separate Motions to Dismiss (Doc. Nos. 180, 199) be granted and that this action be dismissed in

its entirety with prejudice, ordering that the plaintiff's Motion to Re-Issue Summons (Doc. No.

190) be denied, and that a Motion to Strike Plaintiff's Supplemental Pleadings (Doc. No. 198) be

granted. The court construes the plaintiff's filing as objecting both to the recommendation that

the Motions to Dismiss be granted and to the order denying the Motion to Re-Issue Summons as

futile.

As set forth herein, the court will affirm the Order denying as futile the Motion to Re-

Issue Summons (Doc. No. 190) and will overrule the Objection, grant the Motions to Dismiss

(Doc. Nos. 180, 199), accept the findings of fact and conclusions of law set forth in the R&R,

and dismiss this case with prejudice.

## I.     Factual and Procedural Background

The lengthy and tortuous background of this case need not be recited in detail. It suffices

to say that the *pro se* plaintiff filed suit under 42 U.S.C. § 1983 in May 2010, asserting claims against numerous defendants, some of whom have never been fully identified or served with process, based on alleged violations of the plaintiff's constitutional rights, specifically his Eighth Amendment right to be free from cruel and unusual punishment. The R&R outlines the factual allegations in the Complaint in great detail. The court summarizes them briefly here, just for purposes of clarity in addressing the plaintiff's Objection.

The plaintiff is and has been at all times relevant to this lawsuit an inmate in the custody of the Tennessee Department of Correction ("TDOC"). In September 2009, he had surgery on his lower back at Centennial Medical Center in Nashville, Tennessee. He received care there for a couple of days following surgery but was discharged to be returned to the Lois M. Deberry Special Needs Facility ("DSNF") at 8:16 a.m. on September 11, 2009. He alleges that two correctional officers, known by their last names only (both Jones), knew that the plaintiff had been discharged but decided not to request transportation for the plaintiff back to DSNF until approximately 12:30 p.m. The plaintiff claims that they made this decision in order to "intentionally interfere with the treatment prescribed to plaintiff" (Doc. No. 1, at 11) and to "sle[ep] through a days work" rather than having him transported promptly back to the prison. (Doc. No. 1, at 11–12.) The plaintiff suffered mental anguish, pain and suffering as a result of being deprived of prescribed pain medication for approximately four hours (until he was back at DSNF), because the hospital staff would not dispense pain medication to him once he had technically been discharged.

The plaintiff filed a grievance against the two officers related to this conduct that was denied. In this lawsuit, he asserts claims against the two officers for cruel and unusual punishment, based on their intentional interference with his medical treatment. He also asserts

claims against defendants Grievance Board Chairperson Dennis Davis, Grievance Board Member Alayna Duffel, Grievance Board Member Shereen Hassan, Warden Ronald Colson, Assistant Commissioner of Operations Reuben Hodge[1] and TDOC Commissioner George Little "for fail[ing] to take appropriate actions against Co. Jones and Co. Jones, *et al.* for their acts of cruelty," that is, by denying the plaintiff's grievance related to this event or upholding the denial of the grievance on appeal. (Doc. No. 1, at 13; Doc. No. 1-1.)

The plaintiff also alleges that, on September 14, 2009 at 7:15 a.m. and on September 16, 2009 at 7:45 a.m., he requested pain medication from defendant Betty Thorten, a nurse at DSNF. Thorten explained to him that the plaintiff's prescription for pain medication had "run out" but that an order was on its way from the pharmacy to the prison. (Doc. No. 1, at 15.) He sues Thorten, alleging that her failure to provide him pain medication on those two occasions amounted to deliberate indifference to his serious medical needs.

He also sues Dr. Pepito Salcedo, Dr. Larry McNeal, and the director of First Medical Management ("FMM"), the entity that contracts with DSNF to provide medical care for inmates, for deliberate indifference, asserting that they deliberately and intentionally failed to provide pain medication and antibiotics that were prescribed to him. He sues Health Administrator Mark King for deeming one of the grievances the plaintiff filed concerning the alleged denial of pain medication to be non-emergent in nature, and he again sues Dennis Davis, Alayna Duffel, Shereen Hassan, Ronald Colson, Reuben Hodge, and George Little based on their failure to "take appropriate actions" in response to the other defendants' denial of prescribed pain medication to the plaintiff.

In addition, the plaintiff alleges that he filed at least seven "emergency grievances" (on

---

[1] This defendant's first name is spelled in the Complaint as Rueben and, alternatively, Ruben. The court takes judicial notice that Reuben Hodge is Assistant Commissioner of TDOC.

September 15, 18, 21, 22, 23, and 24 and October 26, 2009) based on the denial of pain medications. The medical staff who conducted an initial review of the grievances deemed them not to concern emergencies. All of the grievances were ultimately denied at the initial level and on appeal. The plaintiff sues the responsible individuals both for deeming the grievances not to be emergencies and for denying the plaintiff the prescribed pain medication he sought, including nurse Michael [L/N/U], nurse supervisor Toni [L/N/U], nurse supervisor [F/N/U] Buchanan, B.J. Rhodes, and Paul Alexander. He sues defendants Salcedo, McNeal, King, Davis, Duffel, Hassan, Colson, Hodge, Little, and the unknown director of First Medical Management for failing to take appropriate actions against the medical staff for their deliberate indifference to the plaintiff's medical needs.

Defendants Thorten, Rhodes, King, Johnson, Colson, Davis, Duffel, Hassan, Hodge, and Little filed their Motion to Dismiss in January 2017. They assert that the claims against Thorten fail because the alleged denial of pain medication on two discrete occasions and for relatively brief periods of time does not amount to deliberate indifference in violation of the Eighth Amendment, and that the claims against the remaining defendants must be dismissed because the mere denial of a grievance, without additional personal involvement, does not give rise to a claim under 42 U.S.C. § 1983. (Doc. No. 181.)

First Medical Management, Dr. Salcedo, and Dr. McNeal filed their own Motion to Dismiss in May 2017, arguing that the conclusory allegations in the Complaint are insufficient to state a claim against them in their individual or official capacity for which relief may be granted. (Doc. No. 199.) [2]

---

[2] Defendants [F/N/U] Jones (female), [F/N/U] Jones (male), Toni [L/N/U], [F/N/U] Buchanan, Michael [L/N/U], and Paul Alexander have never been served and therefore have not

The magistrate judge entered the R&R recommending dismissal of the plaintiff's § 1983 claims against all defendants in August 2017. Regarding the claims against Nurse Thorten, the magistrate judge found that the allegations of a short delay in the receipt of pain medications on two occasions does not rise to the level of an Eighth Amendment violation.[3] He found that the "conclusory" claims against the other defendants, including those served and those not served, fail because (1) the plaintiff does not have a constitutional right to have grievances characterized as he wishes or to have them responded to in the way that he wishes; (2) *respondeat superior* is not a basis for the imposition of liability under § 1983, and the plaintiff fails to allege the personal involvement of any of the other defendants in the acts that he claims violated his rights; (3) § 1983 liability cannot be premised upon a mere failure to act; and (4) the plaintiff has not alleged that his injury was caused by an official custom or policy, for purposes of his official-capacity claims. (Doc. No. 202, at 26–27.)

The plaintiff objects to the R&R, asserting that "each defendant has acted with deliberate indifference toward the plaintiff's serious medical indicated need when delaying and denying plaintiff prescribed pain medication, antibiotics and physical therapy" and that their actions have had permanent adverse consequences. (Doc. No. 207, at 2.) The plaintiff recognizes that, to establish a claim of deliberate indifference under *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), a plaintiff must establish both an objective and a subjective component. He argues that he has alleged facts supporting both components with respect to each and every defendant named in his Complaint. The TDOC defendants filed a Response to the plaintiff's Objection (Doc. No. 213), and the plaintiff filed a Reply (Doc. No. 214).

joined in either motion. The magistrate judge denied the plaintiff's Motion to Re-Issue Summons on the basis of futility. (Doc. No. 202, at 27.)

[3] The magistrate judge noted that the same analysis applied to the conduct of defendants Jones and Jones. (*See* Doc. No. 202, at 27.)

The Objection has been fully briefed and is ripe for consideration by the court.

## II.     Standard of Review

The standard of review applicable to a party's objections to a magistrate judge's ruling depends upon whether the objections pertain to a dispositive or non-dispositive matter. If the issue is dispositive, any party may, within fourteen days after being served with a magistrate judge's recommended disposition, "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

A party may also file objections to a magistrate judge's non-dispositive order within fourteen days of being served with such order, but this court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). Under this standard, the court is not empowered to reverse the magistrate judge's finding simply because this court would have decided the issue differently. Findings of fact are reviewed under the "clearly erroneous"

standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). Legal conclusions are reviewed under the "contrary to law" standard. *Id.* "'A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). *See also Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (interpreting the "clearly erroneous" standard in Rule 52(a)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Gandee*, 785 F. Supp. at 686.

## III.    Analysis

Finding no factual error, the court adopts and accepts the magistrate judge's recitation of the facts and conclusions of law in their entirety with regard to the claims against the defendants that arise solely from those defendants' alleged failure to properly supervise other employees or to respond appropriately to the plaintiff's grievances. This includes the claims against Rhodes, King, Johnson, Colson, Davis, Duffel, Hassan, Hodge, and Little, as well as the claims against the unserved defendants, Toni [L/N/U], [F/N/U] Buchanan, Michael [L/N/U], and Paul Alexander.

The only question that presents a close call is whether the plaintiff's allegations that he was intentionally denied pain medication are sufficient to state a colorable claim for deliberate indifference under 42 U.S.C. § 1983 against defendants Jones, Jones, Thorten, McNeal and Salcedo.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court confirmed that the State has a constitutional obligation, under the Eighth and Fourteenth Amendments, to provide adequate

medical care to those whom it has incarcerated. The Eighth Amendment's prohibition against "'unnecessary and wanton infliction of pain'" is violated when there is "deliberate indifference to serious medical needs of prisoners." *Estelle*, 429 U.S. at 104 (citation omitted). On the other hand, "an inadvertent failure to provide adequate medical care" does not violate the Eighth Amendment. *Id.* at 105. Nor does mere medical malpractice or "negligen[ce] in diagnosing or treating a medical condition." *Id.* at 106.

Thus, a showing of deliberate indifference has two components. The first is objective and requires that the prisoner have a medical need that is sufficiently "serious" to implicate constitutional concerns in the first place. *Farmer*, 511 U.S. at 835. The second component is subjective; it requires the prisoner to demonstrate that prison officials acted with "deliberate indifference" to that medical need, a knowing and culpable state of mind that exists only where the care provider is actually aware of a serious risk to the inmate's health and knowingly fails to respond reasonably to that risk. *Id.*; *Brooks v. Celeste*, 39 F.3d 125, 128–29 (6th Cir. 1994).

Courts have treated the failure to supply prescribed pain medication to an inmate differently in different contexts. The Sixth Circuit has expressly recognized that "a prisoner who is needlessly allowed to suffer pain when relief is readily available does have a cause of action against those whose deliberate indifference is the cause of his suffering." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *accord Boretti v. Wiscomb*, 930 F.2d 1150, 1154 (6th Cir. 1991) (finding that the deprivation of medical treatment and pain medication for five days can rise to a violation of the Eighth Amendment under certain circumstances). While making this pronouncement, however, the court also "distinguish[ed] between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake*, 537 F.2d at 860 n.5. In those cases where, as

here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* Where a plaintiff receives treatment for his condition but complains about the inefficacy of that treatment, he must show that the treatment was "so woefully inadequate as to amount to no treatment at all." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (internal quotation marks omitted); *Mitchell v. Hininger*, 553 F. App'x 602, 604–05 (6th Cir. 2014).

Moreover, "[a] plaintiff may establish an Eighth Amendment claim for deliberate indifference to his serious medical needs based upon a delay in receiving treatment only where the delay creates an inference that the defendant possessed the required culpable state of mind in light of both the extreme severity of the condition, the obviousness of the condition, and the self-evident need to treat it promptly or immediately." *Love v. Growse*, No. CIV. A. 5:08-303-KSF, 2008 WL 4534091, at *2 (E.D. Ky. Oc. 3, 2008). Generally, "a brief delay in treating a non-critical condition, especially in light of a circumstance out of the defendant's control such as the unavailability of the necessary medication, fails to provide any factual basis to infer that the defendant was 'deliberately indifferent' to a plaintiff's serious medical needs." *Id.* (citations omitted); *accord Warman v. Funk*, 119 F. App'x 789, 791 (7th Cir. 2004) (holding that a ten-day delay in filling a pain medication prescription for knee pain did not establish deliberate indifference under the circumstances of that case and that "failure to administer prescription medicine alone does not demonstrate deliberate indifference"); *Loukas v. Gundy*, 70 F. App'x 245, 247 (6th Cir. 2003) (twelve-day delay in receiving treatment and pain medication for a broken ankle did not, under the circumstances presented there, constitute deliberate indifference); *Tinsley v. Henderson Cnty. Det. Ctr.*, No. 4:16CV-P27-JHM, 2016 WL 6824405,

at *5 (W.D. Ky. Nov. 17, 2016) ("Plaintiff's allegation that he was not given pain medication for a 10-day period likewise does not give rise to a constitutional claim."); *Shaffmaster v. Murphy*, No. 99-CV-74096-DT, 2000 WL 246604 (E.D. Mich. Feb. 23, 2000) (two-day delay in receipt of requested pain medication for an earache did not give rise to an Eighth Amendment violation, particularly where she received Tylenol the evening she reported the earache).

In this case, the court accepts that the plaintiff's having recently had lower back surgery constitutes a sufficiently serious medical condition to meet the objective component of an Eighth Amendment claim based on the denial of medical care. However, the allegations in the Complaint, accepted as true and viewed in the light most favorable to the plaintiff, do not support the subjective component of a deliberate indifference claim against any of the defendants. The plaintiff alleges that Jones and Jones postponed transporting the plaintiff back to the prison, resulting in a delay of approximately four hours between the time he would have received the medication if he had been transported promptly and the time he actually received it.[4] The plaintiff asserts in a wholly conclusory fashion that officers' decision to delay returning him to the prison was for the purpose of interfering with his prescribed treatment, but he does not provide any facts to support that statement. Instead, he suggests that the officers were interested in sleeping away the day rather than returning to actual work duty. (*See* Doc. No. 1, at 12.) The court finds that a four-hour delay in transporting the plaintiff, with no allegations that the officers knew that this would also significantly delay the dispensing of the plaintiff's medication or that they were even aware that the plaintiff was in distress, does not give rise to an Eighth Amendment violation.

With respect to Nurse Thorten, the plaintiff alleges that, from the time he received a

---

[4] This delay of four hours assumes that the plaintiff did not receive pain medication from the hospital staff the morning of his discharge, which seems unlikely.

Lortab pill on September 11, when he finally arrived back at DSNF, until September 16, 2009, when he allegedly passed out due to pain, he was not administered "any more pain medication." (Doc. No. 214, at 4.) However, in one of his "emergency" grievances, he distinguishes between ibuprofen and actual "pain pills": "It has been over '50' plus hours since I have had my last pain pill for my back surgery. . . . I'm in pain, yet I am fighting it with only ibuprofen only." (Doc. No. 1-2, at 20.) He also admits that, on September 16, 2009, just five days after his discharge, he was returned to the hospital for follow-up care, due to a concern about possible infection at the surgical site. Other grievances and responses indicate he received pain medication, just not as promptly or frequently as he would have liked. (*See, e.g.*, Doc. No. 1-2, at 13 (complaining on September 16 that Nurse Thorten refused to make medication rounds until a break occurred in the television program she was watching); Doc. No. 1-2, at 15 (in response to "emergency" grievance on September 21, 2009, defendant Buchanan noted that he had spoken with the inmate who had "depleted his Lortab supply that was received from Walgreens and none will be obtainable until tomorrow"); Doc. No. 1-2, at 23 (acknowledging that he had received back pain medication on September 23, 2009, but complaining that he did not receive it on the morning of September 24).)

Moreover, although various statements in the plaintiff's grievances suggest that he was complaining to prison staff about going without prescription pain medication for up to five days (from September 11 to September 16), and then again for various periods of time between September 19 and September 24, the Complaint itself alleges only that Nurse Thorten refused to provide him with pain medication on two occasions, September 14 at 7:15 a.m. and September 16 at 7:45 a.m., both times because his prescription had "r[u]n out" and more was being delivered to the prison from the pharmacy. (Doc. No. 1, at 15.) This allegation does not indicate

deliberate indifference, particularly in light of the other allegations regarding the medical attention the plaintiff did receive, including being provided non-prescription pain medication (ibuprofen). The court finds that the unadorned allegations that Nurse Thorten refused on two occasions to provide prescription pain medication do not state a claim for deliberate indifference, and the other allegations stated in the grievances do not provide further support specifically for the claim against Nurse Thorten.[5] In addition, the new allegations included in the plaintiff's response to the defendants' Motion to Dismiss, claiming that Nurse Thorten told him, "We gave you free surgery, we don't have to medicate you" and that she laughed in the face of the plaintiff's suffering and begging for pain medication (*see* Doc. No. 192, at 5), are not properly before the court, the plaintiff not having properly sought to amend his Complaint.

Finally, the court finds, as did the magistrate judge, that the allegations against Dr. McNeal, Dr. Salcedo, and the director of FMM are too conclusory to state a claim for deliberate indifference. The Complaint essentially states that these defendants were deliberately indifferent to the plaintiff's serious medical need when they "fail[ed] to take appropriate actions against" other defendants. (Doc. No. 1, at 29.) The plaintiff does not allege that these defendants "were present when [the plaintiff] was in distress, knew of his distress, or 'purposefully ignore[d] the distress knowing that an adverse outcome is likely to occur.'" (Doc. No. 202, at 26 (quoting *Jones v. Muskegon Cnty.*, 625 F.3d 935, 944–45 (6th Cir. 2010)).) The Complaint fails to state a claim against these defendants either.

---

[5] The claims against Michael L/N/U, Toni L/N/U, F/N/U Buchanan, B.J. Rhodes, and Paul Alexander are based on these individuals' refusal to characterize the plaintiff's grievances as "emergency" grievances and for denying them, although the plaintiff also attempts to characterize his claims as based on these individuals' denying him pain medication as well. The court finds no error in the magistrate judge's construction of the plaintiff's claims as based on the defendants' responses to the grievances themselves.

**IV.     Conclusion**

The court has conducted a *de novo* review of the record in this case but finds no error in the R&R. The court will, therefore, accept the recommended disposition in its entirety, grant the Motions to Dismiss (Doc. Nos. 180, 199), and dismiss this action with prejudice. Further, because it is clear that re-issuing the summonses for the unserved defendants would be futile, the court will affirm the magistrate judge's denial of the Motion to Re-Issue Summons.

An appropriate Order is filed herewith.

ENTER this 21st day of February 2018.

ALETA A. TRAUGER
United States District Judge